*1410 OPINION.
MaRcíuette:
The first two questions raised by the record in this proceeding relate to the amount at which the petitioner’s building may be included in its invested capital for the years 1919, 1920, and 1921, and the basis and rate for computing allowances for depreciation of the building. The questions are so closely related and depend so largely on the same evidence, that they will be discussed together.
We are satisfied from the evidence that the building in question had a physical life of 70 years, and that it had a fair market *1411 value of $240,000 on Marcli 1, 1913. These figures are established by the testimony of several witnesses, builders and real estate dealers, who were familiar with the building, the character of its construction, its location, and with other real estate and real estate values in Oakland. They showed themselves well qualified to testify as to these matters and their testimony was not overcome by the respondent. For purposes of invested capital we find that the building should be depreciated to January 1, 1918, on the basis of cost, with adjustments for improvements and betterments, and a life of 70 years from the date it was constructed, and from that date the depreciated cost should be spread ratably over the period ended December 31, 1925, we being of the opinion, as hereinafter set forth, that the building was obsolescent during the latter period. The cost so depreciated at the beginning of each of the years 1919, 1920, and 1921, should be included in invested capital for those years. The amount which the petitioner is entitled to deduct from gross income in each of the years under consideration for exhaustion, wear and tear, including obsolescence, should be computed on the basis of a March 1,1913, value of $240,000, a physical life of 70 years from the date of erection, and an obsolescence period beginning in 1918 and ending in 1925.
We do not consider it necessary to indulge in an extended discussion of the reasons that impel us to the conclusion that the petitioner is entitled to deductions in the years mentioned on account of the obsolescence of its banking building. We are satisfied that the building was in an obsolescent state prior to 1918, although under the revenue acts no allowances on account of obsolescence were permitted prior to that year. While the physical life of the building was at least 70 years, and it no doubt could have been rented during that life with reasonable returns on the original investment, it was not, after 1918, economically profitable, in view of the greatly increased value of the land on which it was situated. Furthermore, due to the erection and construction of other and more modern buildings in the vicinity, it had fallen into the second or third class of office buildings. That it was obsolescent at that time is also borne out by the fact that in 1925, many years before its physical life would have terminated, it was razed and replaced by a larger and more modern building. We think that the , building was clearly obsolescent in 1918 and became obsolete in 1925, and that allowances should be made for obsolescence in the years 1919, 1920, and 1921 on that basis.
Reviewed by the Board.
Judgment will be entered on 15 days' notice, under Rule 50.